STATE OF NORTH CAROLINA 2018 JAN 16 PM 12:35 IN THE GENERAL COURT OF JUSTICE
COUNTY OF MCDOWELL                            DISTRICT COURT DIVISION
McDOWELL CO., C.S.C.      FILE NO.: 18 CV6 38
BY

| | |
|---|---|
| KEITH FAIRCHILD, | ) |
|     Plaintiff, | ) |
| | )     **COMPLAINT** |
| v. | ) |
| | )     **(JURY TRIAL DEMANDED)** |
| KUBOTA TRACTOR CORPORATION | ) |
| et al.,, | ) |
|     Defendant. | ) |

NOW COMES Plaintiff, Keith Fairchild, by and through the undersigned counsel, complaining of the Defendant, who alleges and says as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Keith Fairchild (hereinafter "Plaintiff") is and was at all times relevant to the Complaint a citizen and resident of McDowell County, North Carolina.

2. Defendant Kubota Tractor Corporation, et al., (hereinafter "Defendant") is and was at all times relevant to the Complaint a corporation organized and existing pursuant to the laws of the State of California with its principal office located at 3401 Del Amo Boulevard Torrance, CA 90503.

3. This cause of action arose in McDowell County, North Carolina. Plaintiff purchased product at Marion Equipment, Co., located at 1722 Rutherford Rd, Marion, NC 28752.

4. Defendant's products are sold at stores throughout the State of North Carolina. As such, North Carolina courts maintain a significant interest in regulating Defendant's conduct that takes place within North Carolina.

5. This Court has jurisdiction over the Defendant named herein because Defendant is a foreign corporation authorized to do business in North Carolina; does sufficient business in North Carolina; and has sufficient minimum contacts with North Carolina and/or otherwise intentionally avails itself of the laws and markets of North Carolina through the promotion, sale, marketing and distribution of its merchandise in North Carolina, to render the exercise of jurisdiction by North Carolina courts permissible.

6. Venue is proper in this District under 28 U.S.C. §1391(b) because Defendant's improper conduct alleged in this Complaint occurred in, was directed from, and/or emanated from this judicial district, because Defendant has caused harm to Plaintiff who resides in this district, and/or because Defendant is subject to personal jurisdiction in this district.

## FACTS

6. Plaintiff purchased a model M6040D Kubota Tractor on July 27, 2013 from Marion Equipment Co., located at 1722 Rutherford Rd, Marion, NC 28752.

7. During the fall of 2014, with under 100 hours of use, Plaintiff first experienced problems with the hydraulics. The draft control was inoperable and the loader would not lift the stated amount of load.

8. Plaintiff attempted to contact Marion Equipment Co., and found that the store was out of business. Plaintiff then contacted Defendant who suggested Corrilher Tractor for repairs.

9. Corrilher Tractor was unsuccessful in repairing Plaintiff's tractor and informed Plaintiff that they did not know how to fix the problems it was having.

10. Plaintiff attempted to have his tractor repaired for the same issue over six different times during the warranty period, no attempt was successful and the tractor remains in disrepair.

11. On November 29, 2016, Plaintiff's tractor was inspected by a representative of Kubota tractor. The representative stated that there was no problem with Plaintiff's tractor.

**FIRST CAUSE OF ACTION**
**(Breach of New Motor Vehicles Act N.C.G.S. 20-351)**

18. The allegations in above paragraphs are re-alleged and incorporated herein by reference.

19. Defendant sold Plaintiff a new Kubota Tractor model M6040D.

20. A model M6040D Kubota Tractor is a motor vehicle as defined by N.C.G.S. 20-4.01.

20. Defendant provided an expressed Basic warranty which covered "defect in materials or workmanship of Genuine Kubota parts only" as well an expressed Powertrain warranty which covers parts including but not limited to "hydraulic pumps and valves associated with driveline operation."

21. Plaintiff experienced problems with the vehicle, including multiple problems with the hydraulic system, during the warranty period.

22. After Defendant made six attempts to repair, Plaintiff's tractor continued to experience problems.

23. Plaintiff is entitled to a refund of the full contract price including, but not limited to, charges for undercoating, dealer-preparation and installed options, the non-refundable portions of extended warranties and service contracts. A refund of all upfront charges, including but not limited to, sales tax, license and registration fees. All finance charges incurred after the date Plaintiff first reported problems with the vehicle to the manufacturer, or authorized dealer and any incidental damages, less a reasonable allowance for use of the vehicle.

## SECOND CAUSE OF ACTION
(Breach of Magnuson Moss Warranty Act)

24. The allegations in above paragraphs are re-alleged and incorporated herein by reference.

25. Defendant sold Plaintiff a defective vehicle.

26. The defects substantially affect the value of the vehicle.

27. The defects existed at the time of sale.

28. The defects were covered by an expressed warranty and extended service contract.

29. Defendant made at least six attempts to cure the defect and was unsuccessful.

30. As a direct and proximate result of Defendant's breach of the expressed warranties, Plaintiff has suffered damages and is entitled to recover damages in excess of 10,000.00 and attorney's fees.

## THIRD CAUSE OF ACTION
(Breach of Expressed Warranty)

31. The allegations in the above paragraphs are re-alleged and incorporated herein by reference.

32. Defendant provided an expressed warranty which provided an expressed Basic warranty which covered "defect in materials or workmanship of Genuine Kubota parts only" as well an expressed Powertrain warranty which covers parts including but not limited to "hydraulic pumps and valves associated with driveline operation."

33. The warranty was used as part of the basis of the bargain between the Defendant and the Plaintiff.

34. Defendant breached the expressed warranties by failing to repair the vehicle.

35. As a direct and proximate result of Defendant's breach of the expressed warranties, Plaintiff has suffered damages and is entitled to recover damages in excess of 10,000.00.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Fitness for Particular Purpose)

36. The allegations in the above paragraphs are re-alleged and incorporated herein by reference.

37. Defendant, at the time of contracting had reason to know the particular purpose for which the goods are required.

38. Plaintiff relied upon Defendant's skill or judgment to select and furnish suitable goods.

39. Defendant therefore created an implied warranty of Fitness for Particular Purpose as defined by N.C.G.S. § 25-2-315.

40. Defendant breached the implied warranty by selling Plaintiff a malfunctioning motor vehicle.

41. As a direct and proximate result of Defendant's breach of the implied warranty, Plaintiff has suffered damages and is entitled to recover damages in excess of 10,000.00.

## FIFTH CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices)

42. The allegations in the above paragraphs are re-alleged and incorporated herein by reference.

43. The acts and omissions of Defendant as set forth herein were performed in, or effecting, commerce and constitute unfair and deceptive trade practices as proscribed by Chapter 75 of the North Carolina General Statutes.

44. Upon information and belief, the Defendant engaged in a conspiracy to defraud Plaintiffs and have otherwise engaged in a pattern and practice of deceitful, unethical, immoral and unscrupulous activities that offended the established public policy of the State of North Carolina and are in violation of Chapter 75 of the North Carolina General Statutes.

45. By way of example, Defendants committed unfair and deceptive acts or practices by representing that Plaintiff was covered by a warranty for "defect in materials or workmanship of Genuine Kubota parts only" as well an express Powertrain warranty which covers parts including but not limited to "hydraulic pumps and valves associated with driveline operation." in order to lure Plaintiff into signing a contract.

46. The unlawful and deceptive acts and omissions of Defendant as set forth herein proximately caused actual injury and damages to Plaintiff.

47. Plaintiff is entitled to have an amount no less than Ten Thousand and 00/100 Dollars ($10,000.00) from the Defendants with whom they dealt as described in paragraphs 4 through 26, above.

48. Pursuant to N.C.G.S. §75-16, Plaintiffs are entitled to have any damages awarded as a result of Defendant's unfair and deceptive trade practices trebled.

49. Pursuant to N.C.G.S. §75-16.1, Plaintiff is entitled to recover attorney fees from Defendant.

WHEREFORE, Plaintiff Keith Fairchild respectfully prays the Court as follows:

(a) That the Plaintiffs have and recover from the Defendants damages in an amount to be determined at trial, together with interest accruing as provided by law, as damages for the

Defendants' breach of contract, warranties, and Chapter 75 of the North Carolina General Statutes;

(b) That the Court enter a judgment in favor of Plaintiff,

(c) That Plaintiff have and recover of and from Defendants his attorney fees pursuant to N.C.G.S. §75-16.1;

(d) That Plaintiff's damages be trebled pursuant to N.C.G.S. § 75-16;

(e) That the cost of this action be taxed to Defendants, including Plaintiff's reasonable attorney fees;

(f) For a trial by jury; and

(g) For such other and further relief as this Court deems just and proper.

Respectfully submitted this the 12 day of January, 2018.

By: Daniels Law Firm, P.C.

Walter E. Daniels III
N.C. State Bar No. 27219
Clifton A. Neal
N.C. State Bar No. 43468
*Attorneys for Plaintiff*
14 South Pack Square, Suite 502
Asheville, North Carolina 28801
Tel. (828) 258-7022
Fax. (828) 277-2412

7

| STATE OF NORTH CAROLINA | | File No. 18 CVS 38 |
|---|---|---|
| McDowell County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Keith Fairchild |
| Address |
| 191 Walnut Grove Dr. |
| City, State, Zip |
| Nebo, NC 28761 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| Kubota Tractor Corporation | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Vivian Imperial, Registered Agent<br>Kubota Tractor Corporation<br>818 W Seventh St., Ste 930<br>Los Angeles, CA 90017 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Clifton Neal<br>14 S. Pack Square, Ste 502<br>Asheville, NC 28801 | 02/02/18 | 1:20 ☐ AM ☒ PM |
| | Signature: Heather Holla | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts
Case 1:18-cv-00069-WCM   Document 1-1   Filed 03/16/18   Page 8 of 11

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

| STATE OF NORTH CAROLINA **FILED** | File No. 18 CVS 38 |
|---|---|
| McDOWELL County | In The General Court Of Justice ☒ District ☐ Superior Court Division |

2018 JAN 16 PM 12:35

McDOWELL CO., C.S.C.

BY _____

**GENERAL CIVIL ACTION COVER SHEET**
☒ INITIAL FILING ☐ SUBSEQUENT FILING

Rule 5(b), General Rules of Practice For Superior and District Courts

**Name And Address Of Plaintiff 1**
Keith Fairchild
191 Walnut Grove Dr.
Nebo, NC 28761

**Name And Address Of Plaintiff 2**

**VERSUS**

**Name Of Defendant 1**
KUBOTA TRACTOR CORPORATION et al.
3401 Del Amo Boulevard
Torrance, CA 90503

**Name And Address Of Attorney Or Party, If Not Represented** (complete for initial appearance or change of address)
Clifton Neal
14 S. Pack Square, Ste. 502
Asheville, NC 28801

| Telephone No. (828) 258-7022 | Cellular Telephone No. |
|---|---|
| NC Attorney Bar No. 43468 | Attorney E-Mail Address clifton@danielslawfirm.net |

**Summons Submitted** ☒ Yes ☐ No

☒ Initial Appearance in Case   ☐ Change of Address

**Name Of Defendant 2**

Name Of Firm: The Daniels Law Firm P.C.
FAX No. (888) 277-2412

Counsel for ☒ All Plaintiffs ☐ All Defendants ☐ Only (list party(ies) represented)

**Summons Submitted** ☐ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNJF)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

(check all that apply)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts
(Over)

## CLAIMS FOR RELIEF

- ☐ Administrative Appeal (ADMA)
- ☐ Appointment Of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim And Delivery (CLMD)
- ☐ Collection On Account (ACCT)
- ☐ Condemnation (CNDM)
- ☐ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)
- ☐ Injunction (INJU)

- ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☐ Negligence - Motor Vehicle (MVNG)
- ☐ Negligence - Other (NEGO)
- ☐ Motor Vehicle Lien G.S. 44A (MVLN)
- ☐ Possession Of Personal Property (POPP)

- ☐ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☐ Specific Performance (SPPR)
- ☒ Other *(specify and list each separately)*
  Breach of New Motor Vehicle Act
  Breach of Magnuson Moss Warranty Act
  Breach of Expressed Warranty
  Breach of Implied Warranty

| Date | Signature Of Attorney/Party |
|---|---|
|  |  |

### FEES IN G.S. 7A-308 APPLY
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

### PRO HAC VICE FEES APPLY
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

| No. | ☐ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
|  |  | ☐ Yes ☐ No |
|  |  | ☐ Yes ☐ No |
|  |  | ☐ Yes ☐ No |
|  |  | ☐ Yes ☐ No |
|  |  | ☐ Yes ☐ No |

Plaintiff(s) Against Whom Counterclaim Asserted

Defendant(s) Against Whom Crossclaim Asserted

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts