# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18CV69

| | |
|---|---|
| KEITH FAIRCHILD, | ) |
|                 Plaintiff, | ) |
| v. | )    ORDER |
| KUBOTA TRACTOR CORPORATION, | ) |
|                 Defendant. | ) |

This matter is before the Court on Defendant's Motion to Dismiss (# 9) pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

**I.  Procedural Background**

On January 16, 2018, Plaintiff filed this action in the General Court of Justice, Superior Court Division for the County of McDowell, North Carolina. See Def.'s Not. Rem. (# 1). Plaintiff asserts the following claims against Defendant: (1) breach of the New Motor Vehicles Warranties Act, (2) breach of the Magnuson-Moss Warranty Act, (3) breach of an express warranty, (4) breach of the implied warranty of fitness for a particular purpose, and (5) Unfair and Deceptive Trade Practices Act ("UDTPA"). See Compl. (# 1-1).

On March 16, 2018, Defendant filed its Notice of Removal in this Court, which was based on diversity jurisdiction.[1] See id. Plaintiff is and was at all relevant times a resident and citizen

---

[1] With diversity jurisdiction, a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interests, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

of McDowell County, North Carolina. Id. ¶ 1. Defendant is a California corporation with its principal place of business in Grapevine, Texas. Def.'s Not. Rem. (# 1) ¶ 14. Defendant is a citizen of both California and Texas.[2] Id. Defendant contends that because Plaintiff is a citizen of North Carolina and Defendant is a citizen of California and Texas, there is a complete diversity of citizenship. Id. ¶ 15. Defendant further contends that, although the Complaint does not specify the amount in controversy for this lawsuit, Plaintiff's counsel sent an email to Defendant seeking $40,458.26 in full refund of the purchase price and $25,000 in consequential damages. Id. ¶ 16. Finally, Defendant notes that Plaintiff seeks treble damages. Id.

Once the case was removed to the United States District Court for the Western District of North Carolina, the parties consented to having their case heard by a United States Magistrate Judge. The case was then reassigned to the undersigned.

On May 8, 2018, Defendant filed the instant Motion to Dismiss (# 9) and Memorandum in Support (# 10). On June 8, 2018, Plaintiff filed a Memorandum in Opposition (# 16). On June 15, 2018, Defendant filed a Reply (# 18).

## II.     Factual Background[3]

The facts, as viewed in a light most favorable to Plaintiff, are the following: On July 27, 2013, Plaintiff purchased a model M6040D Kubota Tractor from Marion Equipment Company, located at 1722 Rutherford Road, Marion, North Carolina. Compl. (# 1-1) ¶ 6. In the fall of 2014, and with under one hundred hours of use, Plaintiff first experienced problems with the tractor's hydraulics. Id. ¶ 7. The draft control was inoperable, and the loader would not lift the stated load

---

[2] With respect to diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

[3] When evaluating a motion to dismiss, the Court must accept the plaintiff's alleged facts as true and view them in a light most favorable to the plaintiff. See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996). In this case, the facts are derived from Plaintiff's Complaint. See Compl. (# 1-1).

amount. Id.

Defendant provided two warranties: (1) an express Basic warranty that covered "defect in materials or workmanship of Genuine Kubota parts only," and (2) an express Powertrain warranty that covered parts, including but not limited to "hydraulic pumps and valves associated with driveline operation." Id. ¶ 20.

Plaintiff experienced problems with the tractor, including its hydraulic system, during the warranty period. Id. ¶ 21. Plaintiff attempted to contact Marion Equipment Company, but he learned that the store was out of business. Id. ¶ 8. Plaintiff then contacted Defendant, who suggested Corrilher Tractor for repairs. Id. Corrilher Tractor was not successful in repairing Plaintiff's tractor, and Corrilher Tractor informed Plaintiff that it did not know how to fix the problems he was experiencing. Id. ¶ 9.

Plaintiff attempted to have his tractor repaired for the same problem on more than six occasions during the warranty period, but the attempts were not successful. Id. ¶ 10. The tractor remains in disrepair. Id.

On November 29, 2016, Plaintiff's tractor was inspected by Defendant's representative. Id. ¶ 11. The representative advised Plaintiff that there was no problem with the tractor. Id.

## III. Legal Standards

The central issue for resolving a Federal Rule of Civil Procedure 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. Although a court accepts well-pled facts as true, it is not required to accept "legal conclusions,

elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## III. Discussion

Plaintiff asserts claims against Defendant for the following: (1) breach of the New Motor Vehicles Warranties Act, N.C.G.S. § 20-351, et seq.; (2) breach of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.; (3) breach of an express warranty; (4) breach of the implied warranty of fitness for a particular purpose, N.C.G.S. § 25-2-315; and (5) UDTPA, N.C. Gen. Stat.

4

§ 75-1.1. See Compl. (# 1-1). In its Motion to Dismiss, Defendant seeks dismissal of all five counts of the Complaint. See Def.'s Mem. Supp. (# 10) at 3.

At the outset, the Court notes that when a federal court exercises diversity jurisdiction, it must apply the substantive law of the state where it sits. Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 599-600 (4th Cir. 2004) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79 (1938)). Thus, in the instant case, the Court will apply North Carolina law.

### A. Some of Plaintiff's claims are barred by the applicable statutes of limitations.

Defendant initially argues that each of Plaintiff's five claims are barred by the applicable statutes of limitations. Def.'s Mem. Supp. (# 10) at 4-7. Defendant contends that the four-year statute of limitations for each claim is established by North Carolina's Uniform Commercial Code ("UCC"). Id. at 4. Defendant further contends that there is one narrow exception under the UCC to modify the accrual date under express warranties that "explicitly extend to future performance," but that exception does not apply in this case because the warranties did not guarantee the tractor for a specific period.[4] Id. Defendant concludes that, pursuant to the UCC, the statute of limitations began to run when Plaintiff's action accrued on the date the tractor was purchased: July 27, 2013. Id.

Plaintiff argues, in opposition, that his claims are not barred by the applicable statutes of limitations. Pl.'s Mem. Oppos. (# 16) at 3-5. Plaintiff further argues that the North Carolina Court of Appeals has held that "[a] statute of limitations is tolled during the time the seller endeavors to make repairs to enable the product to comply with a warranty." Id. at 3-4 (quoting Haywood St. Redevelopment Corp. v. Harry S. Peterson, Co., Inc., 463 S.E.2d 564, 567 (N.C. Ct. App. 1995)).

---

[4] Relying on Petty v. Marvin Lumber & Cedar Co., No. 2:13-CV-62-F, 2014 WL 4854292, at *2-3 (E.D.N.C. Sept. 4, 2014), Defendant argues that courts have traditionally construed the future performance exception narrowly. Def.'s Mem. Supp. (# 10) at 5 n.3.

5

As applied to the instant case, Plaintiff contends that the statute of limitations was tolled for a two-year period while Defendant attempted to repair the tractor. Id. at 4.

In North Carolina, the limitations period for the breach of an express warranty can be tolled "during the time the seller endeavors to make repairs to enable the product to comply with a warranty." Haywood, 463 S.E.2d at 567; Petty v. Marvin Lumber and Cedar Co., No. 2:13-CV-00062-F, 2015 WL 5328046, at *3 (E.D.N.C. Sept. 11, 2015). It is up to the plaintiff to plead facts giving rise to equitable tolling. See Town of Pineville v. Atkinson/Dyer/Watson Architects, P.A., 442 S.E.2d 73, 75 (N.C. Ct. App. 1994) ("[A] plaintiff who seeks to obtain equitable tolling of a limitations period must show that the misrepresentations he reasonably relied upon were made by the party raising the defense.").

A statute of limitations defense can be addressed on a motion to dismiss. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Generally, however, the Court may do so only "if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" Id. (citations omitted).

### 1. breach of the New Motor Vehicles Warranties Act

Defendant concedes that North Carolina's New Motor Vehicles Warranties Act contains no statute of limitations. Def.'s Mem. Supp. (# 10) at 4 n.1. Defendant argues, however, that this claim is similar to Plaintiff's other warranty claims, and because the statute is based on and contains references to the Magnuson-Moss Warranty Act, this Court should apply the statute of limitations found in N.C.G.S. § 25-2-725 to this claim. Id.

The Court concludes that Defendant's bare allegations are not compelling. In particular, Defendant has not referred this Court to case law where another court has applied the statute of limitations found in N.C.G.S. § 25-2-725 to a claim brought pursuant to North Carolina's New

6

Motor Vehicles Warranties Act. See id. For this reason, Defendant's Motion to Dismiss on this basis will be denied.

### 2. breach of the Magnuson-Moss Warranty Act

Citing Maxwell v. Remington Arms Co., LLC, No. 1:10CV918, 2014 WL 5808795 (M.D.N.C. Nov. 7, 2014), Defendant argues that although the Magnuson-Moss Warranty Act does not contain a statute of limitations, courts have consistently applied the default statute of limitations found in the UCC. Def.'s Mem. Supp. (# 10) at 4.

The UCC provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. N.C.G.S § 25-2-725(1). The cause of action for breach of warranty accrues "when the breach occurs." N.C.G.S. § 25-2-725(2). "A breach of warranty occurs when tender of delivery is made[,]" except when a warranty extends to future performance. Id.

In the instant case, the relevant facts, viewed in a light most favorable to Plaintiff, are: Delivery was made when Plaintiff purchased the tractor on July 27, 2013. See Compl. (# 1-1) ¶ 6. During the fall of 2014, Plaintiff first experienced problems with the tractor and contacted Defendant. Id. ¶¶ 7, 8. Plaintiff attempted to have the tractor repaired for the same issue over six times during the warranty period, but the attempts were not successful, and the tractor remains in disrepair. Id. ¶ 10. Then, on November 29, 2016, Defendant's representative inspected the tractor and stated there were no problems. Id. ¶ 11. Plaintiff filed his Complaint in this action on January 16, 2018.[5] See Not. Rem. (# 1-1).

---

[5] Defendant argues that the action was not deemed commenced until February 2, 2018, the date the summons was issued, on the basis that it was not issued within five days of the filing of the Complaint. Def.'s Mem. Supp. (# 10) at 5 n.2 (citing N.C. R. Civ. P. 4(a); Stokes v. Wilson & Redding Law Firm, 323 S.E.2d 470, 474 (N.C. Ct. App. 1984)).

Plaintiff and Defendant both provide Defendant's warranty as an attachment to their filings. See Pl.'s Mem. Oppos. (# 16) Ex. A; Def.'s Reply (# 18) Ex. A. When considering a Rule 12(b)(6) motion to dismiss, the Court may consider documents incorporated into the complaint by reference and matters of which a court can take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); see Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md., 684 F.3d 462, 467 (4th Cir. 2012) (recognizing that a court may consider documents attached to the complaint "so long as they are integral to the complaint and authentic.") (citation omitted); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is noticing the content of court records.").

In the instant case, the warranty and its specific language are relied on in the Complaint and incorporated by reference.[6] For example, Plaintiff alleges that he attempted to have the tractor repaired six times during the warranty period. Compl. (# 1-1) ¶ 10. Plaintiff further alleges that Defendant provided an express Basic warranty that covered "defect in materials of workmanship of Genuine Kubota parts only," in addition to an express Powertrain warranty that covers parts, including "hydraulic pumps and valves associated with driveline operation." Id. ¶¶ 20, 32. Finally, Plaintiff alleges that the tractor's defects were covered by an express warranty. Id. ¶ 28.

Relying on Haywood St. Redevelopment Corp. v. Harry S. Peterson Co., 463 S.E.2d 564 (N.C. Ct. App. 1995), Plaintiff argues that the UCC exception applies to the warranty at issue because the warranty explicitly extends to future performance. Pl.'s Mem. Oppos. (# 16) at 4. The Court notes that Plaintiff fails to cite to any language found within in the warranty. See id.

In North Carolina, there is a four-year statute of limitation applied to breaches of warranty on the sale of goods that begins on the accrual of the claim, which is either (a) tender of delivery,

---

[6] Defendant objects to its Motion to Dismiss being converted to a motion for summary judgment. Def.'s Reply (# 18) at 3 n.2.

or (b) if the goods were sold with a future performance warranty, the date the defect was or should have been discovered so long as it remains within the life of the express warranty terms. Ferro v. Vol Vo Penta of the Americas, LLC, No. 5:17-CV-194-BO, 2017 WL 3710071, at *2 (E.D.N.C. Aug. 28, 2017) (citing Yancy v. Remington Arms Co., LLC, No. 1:10-CV-918, 2013 WL 5462205, at *5 (M.D.N.C. Sept. 30, 2013)). Although the discovery rule applies when the goods are sold with a warranty for future performance, it "does not extend the life of an express warranty beyond its terms." Id. (quoting Yancy, 2013 WL 5462205, at *5).

In Cohan v. Pella Corp., No. 2:14-mn-00001-DCN/2:14-mn-03704-DCN, 2015 WL 6465639 (D. S.C. Oct. 26, 2015), the District of South Carolina explained what constitutes a future performance warranty. The Court held:

> While a warranty that states that the product will be free from defects in materials and workmanship for a period of five years explicitly extends to future performance, a warranty that states "we promise to repair the product if it malfunctions within the first five years" does not explicitly guarantee the future performance of the goods.

Id. at *10.

In the instant case, the warranty states that Defendant "promis[es] to repair or replace parts which have a defect in material or workmanship" that "occur . . . within the length of warranty coverage." Reply (# 18) Ex. A at 5. The warranty is a promise to repair for a period. Therefore, this is not a future performance warranty. Consequently, the proper beginning of the accrual of the claim in this case is upon tender of delivery. See Ferro, 2017 WL 3710071, at *2.

Plaintiff also argues that he is entitled to equitable tolling. Pl.'s Mem. Oppos. (# 16) at 3-4. This argument fails because there are absolutely no allegations that Defendant made any representations to Plaintiff. See Compl. (# 1-1). Therefore, equitable tolling is simply inapplicable in this case. See Town of Pineville, 442 S.E.2d at 75 (finding that because there was no evidence

9

that there were any representations to the plaintiff, the doctrine of equitable tolling failed as a matter of law).

The Court concludes that the statutory period began running on July 27, 2013, the date of tender of delivery, and it stopped running on February 2, 2018, at the latest, when the case was initiated. Thus, the action was not commenced within four years from the date delivery was made, and Plaintiff's Magnuson-Moss Warranty Act claim is untimely. Accordingly, Defendant's Motion to Dismiss on this basis is granted.

### 3. breach of an express warranty

Defendant argues that the UCC's four-year statute of limitations governs Plaintiff's express warranty claim. Def.'s Mem. Supp. (# 10) at 4. Plaintiff disputes this argument. Pl.'s Mem. Oppos. (# 16) at 3-5. As discussed above, this action was not commenced within four years from the date delivery was made. Accordingly, Defendant's Motion to Dismiss on this basis is granted.

### 4. breach of implied warranty of fitness for a particular purpose

Defendant next argues that the UCC's four-year statute of limitations governs Plaintiff's implied warranty of fitness for a particular purpose claim. Def.'s Mem. Supp. (#10) at 4. Plaintiff disputes this argument. Pl.'s Mem. Oppos. (# 16) at 3-5. As addressed above, under the UCC, this action was not commenced within four years from the date delivery was made. Therefore, Defendant's Motion to Dismiss, as it relates to this argument, will be granted.

### 5. UDTPA

Defendant next argues that Plaintiff's UDTPA claim is derivative only, and because Plaintiff's warranty claims are barred as untimely, his UDTPA claim must also be dismissed. Def.'s Mem. Supp. (# 10) at 7 n.6. Defendant fails to cite any case law or statutory authority to support its argument, which is contained in a footnote. See Def.'s Mem. Supp. (# 10). The Court

is not persuaded by Defendant's bare argument. For this reason, Defendant's Motion to Dismiss, as it relates to this argument, will be denied.

### B. Plaintiff's Complaint does not allege the required elements for an implied warranty of fitness for a particular purpose claim.

In the alternative, Defendant next argues that Plaintiff's Complaint does not allege the required elements for an implied warranty of fitness for a particular purpose claim. Def.'s Mem. Supp. (# 10) at 7-8. Defendant contends that the claim must fail because the Complaint lacks the facts to support any of the required elements. Id. at 7.

Plaintiff argues, in opposition, that his allegations are sufficient to state a claim. Pl.'s Mem. Oppos. (# 16) at 5-6. Plaintiff further argues that, to the extent his Complaint is deficient, he should be given leave to amend his Complaint. Id. at 6.

In North Carolina, a claim for the breach of the implied warranty of fitness for a particular purpose provides:

> [W]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under [N.C. Gen. Stat. § 25-2-316] an implied warranty that the goods shall be fit for such purpose.

N.C. Gen. Stat. § 25-2-315.

In pertinent part, Plaintiff alleges the following: "Defendant, at the time of contracting[,] had reason to know the particular purpose for which the goods [were] required." Compl. (# 1-1) ¶ 37. "Plaintiff relied upon Defendant's skill or judgment to select and furnish suitable goods." Id. ¶ 38. Defendant created an implied warranty of fitness for particular purpose. Id. ¶ 39. "Defendant breached the implied warranty by selling Plaintiff a malfunctioning motor vehicle." Id. ¶ 40.

Plaintiff's bare statements of the elements of this claim, without supporting facts, must fail. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, Plaintiff's request to amend his Complaint must be denied. If Plaintiff wished to amend his Complaint, a motion to amend would have been the proper avenue. Plaintiff's request to amend, at this stage, is dilatory in nature and strikes the Court as gamesmanship.[7] Consequently, Defendant's Motion to Dismiss must be granted to the extent that Plaintiff's implied warranty of fitness for a particular purpose claim is dismissed on this basis.

### C. The Magnuson-Moss Warranty Act is inapplicable because the tractor is not a consumer product.

In the alternative, Defendant next argues that the Magnuson-Moss Warranty Act is inapplicable in this case because the tractor is not a consumer product. Def.'s Mem. Supp. (# 10) at 8-10. Defendant contends that Plaintiff has failed to plead any allegations from which it could be concluded that a tractor, a piece of machinery that is ordinarily viewed as commercial-grade equipment used for farming, is a consumer product. Id. at 9.

Plaintiff, in opposition, argues that Defendant's analysis of whether the "vehicle in question" is a consumer product is "misguided and premature". Pl.'s Mem. Oppos. (# 16) at 6. Plaintiff contends that the definition of a "consumer," as set forth in New Motor Vehicles Act, is the proper definition for the Court to apply. Id. at 7.

The Court is not persuaded by Plaintiff's argument that the New Motor Vehicles Act definition of "consumer" is the appropriate definition. Plaintiff fails to cite to any case law or statutory authority that supports his position.

---

[7] The Court can deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987).

The Magnuson-Moss Warranty Act applies to consumer products manufactured after July 4, 1975. 15 U.S.C. § 2312(a). A "consumer product" is defined as any tangible personal property normally used for family, personal, or household purposes that is distributed in commerce. 15 U.S.C. § 2301(1).

In the instant case, the allegations, as set forth in the Complaint and viewed in a light most favorable to Plaintiff, fail to suggest that the "model M6040D Kubota Tractor" that was repaired at "Corrilher Tractor" was personal property used for family, personal, or household purposes. See Compl. (# 1-1) ¶¶ 6, 9 (emphases added). Moreover, Plaintiff's references to the M6040D Kubota Tractor as a "vehicle" (id. ¶¶ 25-26), under his Magnuson-Moss Warranty Act heading, do not alter this outcome.

Considering the foregoing, Defendant's Motion to Dismiss will be granted to the extent that Plaintiff's Magnuson-Moss Warranty Act claim will be dismissed.

### D. Plaintiff has not alleged egregious or aggravating circumstances to support his UDTPA claim.

Finally, in the alternative, Defendant argues that Plaintiff has failed to allege egregious or aggravating circumstances to support his UDTPA claim. Def.'s Mem. Supp. (# 10) at 10-11. Plaintiff, in opposition, argues that there was a pattern of misleading him. Pl.'s Mem. Oppos. (# 16) at 8. Plaintiff further argues that dismissing his UDTPA claim, at this stage, would be unjust. Id.

Pursuant to N.C. Gen. Stat. § 75-1.1, the elements of an UDTPA claim are "(1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Hunter v. State Farm and Casualty Co., No. 5:17-CV-00224-FDW-DSC, 2018 WL 3620493, at *2 (W.D.N.C. July 30, 2018) (quoting Dalton v. Camp, 548 S.E.2d 704, 711 (N.C. 2001)).

"[B]reach of warranty alone is insufficient to state a UDTPA claim." Kelly v. Georgia-Pac., LLC, 671 F. Supp. 2d 785, 799 (E.D.N.C. 2009). To prevail on an UDTPA action, a plaintiff must allege and prove egregious or aggravating circumstances. Wells Fargo Bank, N.A. v. Corneal, 767 S.E.2d 374, 377 (N.C. Ct. App. 2014).

In this case, in pertinent part, Plaintiff alleges:

> Defendant engaged in a conspiracy to defraud Plaintiffs [sic] and have otherwise engaged in a pattern and practice of deceitful, unethical, immoral and unscrupulous activities that offended the established public policy of the State of North Carolina.

Compl. (# 1-1) ¶ 44. Plaintiff further alleges:

> By way of example, Defendants committed unfair and deceptive acts or practices by representing that Plaintiff was covered by a warranty for "defect in materials or workmanship of Genuine Kubota parts only" as well [as] an express Powertrain warranty which covers parts including but not limited to "hydraulic pumps and valves associated with driveline operation[ ]" in order to lure Plaintiff into signing a contract.

Id. ¶ 45.

The Court finds that Plaintiff's allegations, as set forth in the Complaint, do not demonstrate the presence of egregious or aggravating circumstances. See Mozingo v. Orkin, No. 4:10-CV-71, 2011 WL 845896, at *6 (E.D.N.C. Mar. 8, 2011) ("Even if intentional, a breach of contract is insufficiently unfair or deceptive in the absence of substantial aggravating circumstances to constitute a UDTPA violation."). Consequently, Defendant's motion to dismiss will be granted to the extent that Plaintiff's UDTPA claim will be dismissed on this basis.

**IV. Conclusion**

Considering the foregoing, Defendant's Motion to Dismiss (# 9) is GRANTED in part and DENIED in part. The motion is denied to the extent that Plaintiff's New Motor Vehicles Warranties Act (Count I) claim remains pending.

Signed: August 23, 2018

*[signature]*

Dennis L. Howell
United States Magistrate Judge

14