IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 69

| | | |
|---|---|---|
| KEITH FAIRCHILD, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM |
| | ) | AND |
| v. | ) | ORDER |
| | ) | |
| KUBOTA TRACTOR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 21).

I. Procedural Background

Plaintiff initiated this action on January 16, 2018 in the District Court Division of the General Court of Justice of McDowell County, North Carolina. Defendant subsequently removed the case to this Court based on diversity jurisdiction. See (Doc. 1). The parties stipulated to the jurisdiction of a United States Magistrate Judge. See (Doc. 11).

The Complaint contained the following claims: (1) Breach of New Motor Vehicles Act, N.C. Gen. Stat. § 20-351 *et seq.*; (2) Breach of Magnuson Moss Warranty Act *et seq.*; (3) Breach of Express Warranty; (4) Breach of Implied Warranty of Fitness for a Particular Purpose; and (5) Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1. See Pl.'s Compl. (Doc. 1-1).

On August 23, 2018, U.S. Magistrate Judge Dennis L. Howell granted in part and denied in part a Motion to Dismiss by Defendant. See (Doc. 20) ("August 23, 2018 Order"). Plaintiff's claim pursuant to the New Motor Vehicles Warranties Act was the sole claim that remained following the August 23, 2018 Order.[1]

On April 1, 2019, Defendant filed the instant Motion for Summary Judgment along with a supporting memorandum. (Docs. 21, 22). Plaintiff subsequently responded in opposition (Doc. 26) and Defendant replied (Doc. 27). The undersigned conducted a hearing on the Motion and received supplemental briefing from each side. (Docs. 30, 33).

## II. Factual Background

Defendant has not submitted affidavits or other materials that provide additional facts beyond those found in the Complaint.

Plaintiff has submitted a verification page attesting to the factual allegations contained in the Complaint. (Doc. 26-1). Plaintiff has also submitted a brief affidavit. (Doc. 26-2).

Consequently, the factual record before the Court indicates as follows:

On July 27, 2013, Plaintiff purchased a model M6040D Kubota Tractor ("Tractor") from the Marion Equipment Company in Marion, North Carolina.

---

[1] Judge Howell retired in October of 2018.

Pl.'s Compl. (Doc. 1-1) at ¶ 6; Pl.'s Aff. (Doc. 26-2) at 1.

Plaintiff first experienced problems with the Tractor in the fall of 2014, when the Tractor had less than 100 hours of use. Specifically, the draft control was inoperable, and the loader would not lift the stated amount of load. Pl.'s Compl. at ¶ 7; Pl.'s Aff. at 1.

Plaintiff attempted to contact the Marion Equipment Company and learned that it was out of business. Pl.'s Compl. at ¶ 8; Pl.'s Aff. at 1.

Plaintiff then contacted Defendant, which suggested Plaintiff take the Tractor to Corrilher Tractor for "the repairs." Pl.'s Aff. at 1. Defendant assured Plaintiff that "the repairs" were covered under warranty. Pl.'s Aff. at 1.

Corrilher Tractor was not successful in repairing the Tractor and its personnel informed Plaintiff they did not know how to fix the problems he was having. Pl.'s Compl. at ¶ 9; Pl.'s Aff. at 1.

Plaintiff attempted to have the Tractor repaired on six (6) separate occasions during the warranty period, but those attempts were not successful. Each time he lost the use of the Tractor and the functionality of the Tractor remained limited. Pl.'s Compl. at ¶ 10; Pl.'s Aff. at 2.

A representative of Defendant inspected the Tractor on November 29, 2016 and advised Plaintiff that there was no problem with it. Pl.'s Compl. at ¶ 11; Pl.'s Aff. at 2.

III. Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment upon a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of some alleged factual dispute between the parties will not necessarily defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003). "A party raises a genuine issue of material fact with respect to a claim only if a reasonable jury could return a verdict for that party on each element necessary to that claim." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013) (citation omitted).

IV. Discussion

Defendant makes two (2) arguments in support of its motion – that Plaintiff's New Motor Vehicles Warranties Act claim is time-barred, and that Plaintiff has failed to produce evidence to support the essential elements of his claim.

### A. Limitations-Related Issues

As Plaintiff makes arguments at this stage that were also raised in the context of Defendant's previous Motion to Dismiss, the law-of-the-case doctrine must be considered.

"The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Graves v. Lioi, 930 F.3d 307, 318 (4th Cir. 2019) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). Exceptions exist, however, including where: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." TFWS, Inc. v. Franchot, 572 F.3d 186, 191(4th Cir. 2009) (citations omitted). In addition, the Fourth Circuit has explained that the law-of-the-case doctrine "poses no bar to the assessment of past holdings based on a different procedural posture when, as is the case in the progression from review of a motion to dismiss to a motion for summary judgment, that later review expands the court's inquiry based on development of actual facts underlying a plaintiff's claims." Graves, 930 F.3d at 318 (citing Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 329–30 (3d Cir. 2016)). The Fourth Circuit's "articulation of the law-of-the-case doctrine also acknowledges that different facts will lead to a different legal analysis to which the doctrine cannot apply." Id. (citing Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988)) (law-of-the-case doctrine applies unless one of several exceptions applies, including the subsequent development of substantially different evidence).

### 1. Accrual Date

To the extent Plaintiff argues that the warranty at issue should be viewed as a warranty of future performance, that argument was considered previously.[2]

In the August 23, 2018 Order, and in the context of reviewing the statute of limitations and Plaintiff's Magnuson-Moss Warranty Act claim, Judge Howell found that the warranty at issue "is a promise to repair for a period …. not a future performance warranty" and, therefore, that "the proper beginning of the accrual of the claim in this case is upon tender of delivery." August 23, 2018 Order at 9. That is, Judge Howell concluded that "the statutory period began running on July 27, 2013, the date of tender of delivery . . ." Id. at 10.

The record at summary judgment contains no new information regarding the content of the warranty beyond what was available on the Motion to Dismiss. Accordingly, Judge Howell's conclusion that the warranty language at issue does not create a warranty of future performance has established the law-of-the-case on that issue and the undersigned does not find that it should be disturbed.

---

[2] Plaintiff's precise contention is that "the North Carolina lemon law creates a statutory warranty of future performance" which allows application of "the discovery rule to accrue the applicable statute of limitations." Pl.'s Supp. Mem at 3.

## 2. Applicable Statute of Limitations

North Carolina's New Motor Vehicles Warranties Act is intended to "provide State and private remedies against motor vehicle manufacturers for persons injured by new motor vehicles failing to conform to express warranties." N.C.G.S. § 20-351. While the Act establishes a private right of action, see N.C.G.S. § 20-351.7, it does not contain a specific statute of limitations for such a claim.

In connection with its prior Motion to Dismiss, Defendant argued that because Plaintiff's New Motor Vehicles Warranties Act claim was similar to Plaintiff's other warranty claims, and further because the Act is based on and contains references to the Magnuson-Moss Warranty Act, the four-year statute of limitations found in the North Carolina Uniform Commercial Code ("UCC"), N.C.G.S. § 25-2-725, which has been applied to Magnuson-Moss Warranty Act claims, should govern Plaintiff's New Motor Vehicles Warranties Act claim. Def.'s Mem. (Doc. 10) at n.1.

Judge Howell did not find this position to be compelling, particularly as Defendant did not refer to case law where another court had applied the statute of limitations found in N.C.G.S. § 25-2-725 to a claim brought pursuant to the New Motor Vehicles Warranties Act, and denied the Motion to Dismiss on that basis. August 23, 2018 Order at 6-7.

Now at summary judgment, Defendant argues that Plaintiff's New Motor Vehicles Warranties Act claim is time-barred regardless of whether the Court applies the four-year statute of limitations found in the UCC or the three-year statute of limitations for statutory claims found in N.C.G.S. § 1-52(2). Def.'s Mem. (Doc. 22) at 5-8.

Defendant identifies numerous states that have enacted new motor vehicle acts that do not contain a specified limitations period. It advises that courts in four of these jurisdictions have addressed the question of what statute of limitations should govern, with courts in Michigan, Pennsylvania, and California applying a four-year statute of limitations, see Walker-Houston v. Mercedes- Benz USA, L.L.C., No. 317307, 2014 WL 6679268, at *1–2 (Mich. Ct. App. Nov. 25, 2014); Lowe v. Volkswagen of Am., Inc., 879 F. Supp. 28, 30 (E.D. Pa. 1995); Jensen v. BMW of N. Am., Inc., 41 Cal. Rptr. 2d 295, 306-7 (Cal. Ct. App. 1995); Krieger v. Nick Alexander Imports, Inc., 234 Cal. App. 3d 205, 215 (Ct. App. 1991), and courts in Delaware using a three-year limitations period. See Stenta v. Gen.Motors Corp., No. CIV.A. 05C-03-328RRC, 2009 WL 1509299, at *6 (Del. Super.Ct. May 29, 2009), aff'd, 7 A.3d 485 (Del. 2010); Pender v. Daimlerchrysler Corp, No. CIV.A.03C12022FSS, 2004 WL 2191030, at *3 (Del. Super. Ct. July 30, 2004).[3]

---

[3] Defendant states that these interpretations have also been memorialized in secondary sources. See Doc. 30 at 3 (citing §15.10. Statute of Limitations, Consumer

8

Plaintiff's primary limitations-related position is centered on tolling, discussed below; Plaintiff appears to agree that the applicable limitations period would be no longer than four years. See Pl.'s Supp. Mem (Doc. 33) at 2 ("no state has applied a general statute of limitation in excess of four years").

As Plaintiff's claim accrued on July 27, 2013, the deadline for him to file an action was either July 27, 2016 (if the three-year limitations period provided by N.C.G.S. § 1-52(2) is considered), or July 27, 2017 (if the four-year limitations period provided by the UCC is used).

Because suit was not filed until early 2018, Plaintiff's claim would be time-barred under either scenario,[4] unless the limitations period should be tolled.

### 3. Equitable Tolling

Plaintiff makes several brief arguments on this issue, including that Defendant has not discussed the application of "the discovery rule" and that North Carolina has embraced the doctrine of "estoppel by repair" which tolls the statute of limitations while a manufacturer is attempting to make repairs. Pl.'s Supp. Mem at 2 – 5.

---

Protection and the Law § 15.10 (2018)).

[4] Under these circumstances, it is not necessary for the Court to determine which specific limitations period should apply.

### i. Use of "the Discovery Rule"

"North Carolina applies a four-year statute of limitation to breaches of warranty on the sale of goods, beginning upon accrual of the claim, which is either (1) tender of delivery, or (2) if the goods were sold with a warranty for future performance, the date when the defect was or should have been discovered as long as it remains within the life of the express warranty terms." Ferro v. Vol Vo Penta of the Americas, LLC, No. 5:17-CV-194-BO, 2017 WL 3710071, at *2 (E.D.N.C. Aug. 28, 2017) (internal citations omitted), aff'd sub nom. Ferro v. Volvo Penta of the Americas, LLC, 731 F. App'x 208 (4th Cir. 2018).

Plaintiff's contention that "the discovery rule" should be applied – that his claim accrued on the date the Tractor's defects were or should have been discovered – is based on the assumption that the warranty at issue was one for future performance. As discussed above however, this argument was considered and rejected in the August 23, 2018 Order, and Plaintiff has not presented any new information requiring that this conclusion be reconsidered.

## ii. The Repair Doctrine

Plaintiff's argument regarding equitable tolling while repairs are being attempted was also raised in response to Defendant's Motion to Dismiss. See Pl.'s Resp. (Doc. 16) at 3-5.[5]

Judge Howell found Plaintiff's argument for equitable tolling unpersuasive because there were "absolutely no allegations that Defendant made any representations to Plaintiff" and therefore concluded "equitable tolling is simply inapplicable in this case." August 23, 2018 Order at 9 (emphasis in original).

The Affidavit that Plaintiff has now submitted essentially repeats certain allegations in the Complaint. However, it also states that Defendant assured Plaintiff the repairs were covered under the warranty and that Plaintiff attempted to have the tractor repaired "at the advice of [Defendant]." Pl.'s Aff. (Doc. 26-2) at 2.

Some authorities indicate that the repair doctrine, or repair tolling doctrine, has not been endorsed by many jurisdictions in recent years. See Walters v. Pella Corp., No. 2:14-CV-00544-DCN, 2015 WL 2381335, at *6–8 (D.S.C. May 19, 2015) (" …courts have noted that 'the repair doctrine has been endorsed in few jurisdictions'") (citing Holbrook, Inc. v. Link–Belt Constr.

---

[5] Plaintiff's opposition to Defendant's motion for summary judgment on this issue appears to be identical. Cf. (Doc. 26).

11

Equip. Co., 103 Wash.App. 279, 12 P.3d 638, 643 (Wash.Ct.App.2000)) (collecting cases).

North Carolina courts, though, have recognized a version of this doctrine, under which "a statute of limitations is tolled during the time the seller endeavors to make repairs to enable the product to comply with a warranty." See Haywood St. Redevelopment Corp. v. Harry S. Peterson, Co., 120 N.C. App. 832, 837–38 (1995) (citations omitted); see also Styron v. Loman-Garrett Supply Co., 6 N.C. App. 675, 682 (1969) (cause of action did not accrue where defendant, in response to repeated complaints from plaintiff, was engaged in efforts to make a heating plant perform in accordance with a warranty, with plaintiff "patiently relying upon the repeated assurance of defendant that it would make the plant comply with its warranty").

Because the repair doctrine is a type of equitable tolling, plaintiffs seeking its application have been required to show that they reasonably relied upon representations made by the defendant. See Petty v. Marvin Lumber & Cedar Co., 644 F. App'x 272, 273–74 (4th Cir. 2016) (regardless of when the repairs took place or how long they took, plaintiffs failed to make any allegation that they relied on any representations by defendant) (unpublished); Town of Pineville v. Atkinson/Dyer/Watson Architects, P.A., 114 N.C.App. 497, 500 (1994); accord § 11:8 The four-year statute under Article 2—When is the statute tolled?, 2 The Law of Prod. Warranties § 11:8 ("[T]he general rule is

that the making of repairs will not by itself toll the statute of limitations … However, courts have often been willing to use equitable estoppel to toll the statute when repair efforts are combined with actions or comments calculated to induce the plaintiff to refrain from bringing suit.").[6]

Here, Plaintiff has offered some additional information at summary judgment to support his claim. These details, however, are exceedingly brief and do not create a dispute of material fact as to the potential tolling of the statute of limitations.

As noted, North Carolina's repair doctrine tolls a limitations period "during the time the seller endeavors to make repairs to enable the product to comply with a warranty." Haywood, 120 N.C. App. at 837. Here, there is no evidence that Defendant's employees performed any repairs. Similarly, as no information has been provided as to the relationship, if any, between Defendant and Corrilher Tractor, it cannot be determined whether persons

---

[6] Plaintiff has not advanced the argument that, under North Carolina's repair doctrine, the making of repairs alone, and in the absence of any inducements or reliance, is sufficient to toll the statute of limitations. See Petty, 644 F. App'x at 274 (even assuming that "*Haywood* stands for the proposition that repairs can toll the statute of limitations even in the absence of inducements and reliance," plaintiffs nonetheless "failed to specify how long each repair took, failed to explain the details of the testing and inspections, and failed to allege that the repairs were made in order to enable the product to comply with its warranty.").

who performed work on behalf of Corrilher Tractor could be considered to be Defendant's agents or representatives.

Next, the record lacks information regarding the attempted repairs themselves. Plaintiff does not describe each attempted repair, including how long it took, what work was performed, where it took place, and who was involved.

As for representations and reliance, Plaintiff has identified only two interactions he had with Defendant directly: a brief initial contact after Plaintiff discovered that the Marion Equipment Company was out of business and a contact in late November 2016 when Defendant's representative inspected the Tractor and advised Plaintiff there was no problem with it. The only representations made by Defendant during these contacts were referring Plaintiff to Corrilher Tractor, generally telling Plaintiff "the repairs" were covered under warranty, and advising Plaintiff the Tractor was not malfunctioning. The only statement made by Corrilher Tractor's personnel, assuming they can be considered to have been speaking for Defendant, was one to inform Plaintiff they could not repair the Tractor. The evidence does not suggest that any of these representations were calculated to induce Plaintiff to refrain from bringing suit and, even if they were, facts from which it could be determined that Plaintiff reasonably relied on these representations are also absent.

Under these circumstances and considering the law-of-the-case doctrine, it is not clear that Plaintiff has set forth additional material factual allegations that warrant a further review of his argument regarding the repair doctrine and Judge Howell's previous ruling on that issue.

However, even assuming such a showing has been made, the undersigned is not persuaded that Plaintiff has put forth evidence of repairs attempted by Defendant, representations regarding those repairs or other inducements that would have kept Plaintiff from pursuing a claim, and/or his reliance on such representations or inducements that is sufficient to overcome Defendant's motion for summary judgment.

Therefore, the Court finds that the statute of limitations was not tolled by the repair doctrine and that Plaintiff's claim for breach of the New Motor Vehicles Warranties Act is time-barred.

### B. Plaintiff's Forecast of Evidence

Defendant also asserts that Plaintiff has failed to forecast sufficient evidence of a breach of the New Motor Vehicles Warranties Act, arguing that Plaintiff has not identified admissible evidence regarding the specific issues he experienced with the Tractor and how those issues are covered under the warranties. Defendant further argues that Plaintiff has failed to put forth evidence that he allowed Defendant a reasonable number of attempts to repair the Tractor, pursuant to N.C.G.S. § 20-351.3(a).

In view of the Court's conclusions regarding the limitations-related issues, the Court does not reach this argument.

V. Conclusion

Defendant's Motion for Summary Judgment (Doc. 21) is **GRANTED**.

Signed: February 13, 2020

W. Carleton Metcalf
United States Magistrate Judge